O’NIELL, J.
Desiring to borrow $1,500, the plaintiff gave an act of mortgage on her property in New Orleans, before James J. Woulfe, notary public, on the 1st of June, 1911, and issued her note for that sum, bear *995 ing 7 per cent, interest, and payable one year after date. About two years later there was a sensational disclosure that Mr. Woulfe had been for years systematically making and negotiating forgeries of promissory notes purporting to be secured by acts of mortgage executed before him.
The plaintiff was then informed by four persons, namely, Walter M. Barnett, Emile L. Sehlieder, Thomas J. Kilbride and Demcey D. Colley, that each of them held a note purporting to be the mortgage note signed by her.
Alleging that she had only signed one note of $1,500, the plaintiff filed suit against the four parties, and enjoined each of them from foreclosing the mortgage until it could be judicially determined who had the genuine note. At the same time she deposited $1,-701.87 into the registry of the court, in payment of the principal and interest of the note, and prayed that the deposit be paid over to the defendant who should establish the genuineness of his note, and that the mortgage be canceled.
The defendant Walter M. Barnett and his wife, Mrs. Fannie Lion Barne.tt, in their answer, alleged that Mr. Barnett had acquired the note as the agent of his wife. They denied that the plaintiff had signed only one note to represent the debt secured by the mortgage. They alleged that there were other such notes outstanding, but that Mrs. Barnett held the original and genuine note. They prayed that the amount deposited by the plaintiff be paid over to Mrs. Barnett, and that she have judgment for the balance of the accrued interest, attorney’s fees and costs, with recognition of her mortgage securing the same.
The other defendants filed answers similar to that of Mrs. Barnett, each claiming to be the holder and owner of the original and genuine note. Messrs. Kilbride and Colley (and one Coulon, who appeared as holder of a fifth note) were subsequently convinced, and admitted at the trial, that their notes were forgeries; and their demands are eliminated from the case.
Judgment was rendered in the district court decreeing .Mrs. Barnett’s to be the genuine original note, ordering the deposit of $1,701.87 paid to her in full satisfaction of her note, rejecting her demand for attorney’s fees and the demand of the defendant Sehlieder, and ordering that the mortgage be canceled. Mr. Sehlieder appealed, and thereafter Mrs. Barnett also appealed,. to the Court of Appeal of the parish of Orleans, where the judgment was amended and rendered as follows: The judgment of the district court was affirmed in so far as it recognized Mrs. Barnett’s to be the original note, and ordered the deposit of $1,701.87 paid to her, and in so far as it rejected the demands of Demcey D. Colley, and Thomas J. Kilbride at their cost. It was further adjudged and decreed that Mrs. Barnett recover of and from the plaintiff $1,500, with 7 per cent, interest from the date of the note until paid, and the stipulated 5 per cent, attorney’s fees thereon, and the costs of both courts, the same to be subject to the credit for the amount of the deposit, and secured by a first mortgage on the property of the plaintiff. It was also adjudged and decreed that the defendant Sehlieder also recover of and from the plaintiff $1,500, with 7 per cent, interest from June 1, 1912, until paid, and 5 per cent, attorney’s fees, and the costs of both courts, and that the same be secured by a second mortgage upon the property of the plaintiff.
The case is before us on writs of certiorari and review issued at the instance of the plaintiff.
Counsel for Mrs. Barnett have moved to> have the writs recalled and the proceedings dismissed on the grounds: (1) That the petition is not accompanied with an assignment of errors; (2) that the defendants were not *997 properly notified that the plaintiff would apply for writs of certiorari and review; and (3) that the plaintiff has no right to contest the judgment in favor of Mrs. Barnett because the plaintiff did not appeal nor answer the appeal from the judgment of the district court.
There is no merit in the defendants’ motion. The petition to this court contains an assignment of errors. Although embodied in the petition, it bears the title “Assignment of Errors.” There is no rule requiring that it shall be a separate document. As to the second ground for the motion, it is sufficient to say that it is alleged in the petition and verified by an affidavit that the judges of the Court of Appeal and the defendants, through their counsel, were notified of the plaintiff’s intention to apply for the writs, and that the written notices were filed with the clerk of the Court of Appeal, and left at the offices of opposing counsel. Filing the notices in the office of the clerk of the court was all that the law required. As to the third ground urged for asking that the writs be recalled, it is sufficient to say that the plaintiff had no cause to appeal from the judgment of the district court, nor to ask for an amendment of the judgment. All she had asked for in the district court was that the amount deposited by her be paid to the person adjudged to be the holder of the original and genuine note, and that the mortgage be canceled. The plaintiff was not concerned with the contest among the defendants in which each prayed to be adjudged the holder of the genuine original note. When the Court of Appeal rendered a judgment decreeing that one of the defendants held a first mortgage for $1,500, with interest and attorney’s fees, and that another of the defendants held a second mortgage for an additional $1,500, with interest and attorney’s fees, the plaintiff had the right, after the denial of her application for a rehearing, to apply to this court for the writs of certiorari and review.
Our review of the testimony brings us to the conclusion of facts found by the Court of Appeal. Mrs. Barnett is the owner of the original note which was signed by the plaintiff at the time she executed the act of mortgage. This note was purchased by Mr. Barnett for his wife for $1,500 on the 2d of June, 1911, as is shown by his testimony, corroborated by the canceled check in evidence.
The note held by Mr. Schlieder was purchased by him from the notary, Woulfe, on the 31st of October, 1911; and our conclusion is that it bears the genuine signature of the plaintiff, obtained by fraud on the part of the notary, but not on the part of Mr. Schlieder. When the notary proposed to sell a mortgage note of $1,500 to Mr. Schlieder, some time in October, 1911, the latter insisted that, as he had suffered a loss by the fraudulent practices of another notary public, he would not buy any note unless he saw the maker sign it. Mr. Woulfe then proposed that, as Mrs. McCowen had already signed the note dated the 1st of June, 1911, he would have her to appear at his office and sign another note of that date and destroy the one he held. He sent for Mrs. McCowen, telling her that the party who had agreed to purchase her note insisted upon seeing her sign it, and she appeared at the notary’s office, where, in the presence of Mr. Schlieder and the notary, she signed a new note dated the 1st of June, 1911, corresponding with the mortgage note which she had signed when she executed the act of mortgage. Thereupon the notary exhibited and destroyed what he declared to be the original note, which, however, Mrs. McCowen and Mr. Schlieder both admit they did not examine. There is no doubt that the note which the notary destroyed was one of his forgeries, because the genuine original mortgage note was then in the possession of Mrs. Barnett. *999 The plaintiff admits all of the foregoing circumstances regarding the signing of a new note in the presence of Mr. Schlieder and the destruction by the notary of what he declared was the original note. But she declares that this occurred on the same day on which she signed the act of mortgage. She says that she signed the original note and the act of mortgage in the forenoon, and, at the request of the notary, she returned that afternoon and signed the new note in the presence of Mr. Schlieder. Our conclusion is that the plaintiff is mistaken as to the date on which she signed the note hold by Mr. Schlieder. His original check indorsed and collected by the notary public is dated October 31, 1911, and is for the sum of $1,543; the interest for the five months being $43.75.
Mr. Schlieder knew very well that the note which he received was a substitute for the original mortgage note, and he took the notary’s word for it that the note destroyed was the genuine original note, which, as a matter of fact, was then in the possession of Mrs. Barnett. There was no intention on the part of Mr. Schlieder or of Mrs. McOowen to increase the mortgage security to $3,000, or to make a second mortgage for $1,500. Hence we find no authority nor reason for holding that the note held by Mr. Schlieder is secured by a second mortgage on the plaintiff’s property.
The interest on Mr. Schlieder’s note was paid by the notary, Woulfe, to June 1, 1912.
For the reasons assigned, the judgment of the Court of Appeal is annulled. The judgment of the district court is amended by condemning the plaintiff to pay to the defendant E. L. Schlieder $1,500, with interest at 7 percent. per annum from the 1st of June, 1912, and 5 per cent, attorney’s fees, and, as thus amended, the said judgment is affirmed and reinstated. Each litigant is to pay the costs incurred by him or her in the district court, the plaintiff is to pay the costs in the Court of Appeal, and the defendant Schlieder is to pay the cost of the proceedings in this court.